IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2015

## STATE OF TENNESSEE v. CARL BROWN

**Appeal from the Criminal Court for Shelby County**
**Nos. 86-00652, 86-06425-26     John W. Campbell, Judge**

_____

**No. W2014-02453-CCA-R3-CD  -  Filed November 6, 2015**

_____

The defendant, Carl Brown, sought relief pursuant to Tennessee Rule of Criminal Procedure 36.1 to vacate and correct what he believes to be an illegal sentence, the judgments in question not stating whether they were to be served concurrently or consecutively.  The trial court concluded the motion was without merit, and, following our review, we affirm the court's order denying the motion for relief, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Carl Brown, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stacy McEndree, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In his motion for relief, the defendant set out that he was arrested on October 16, 1985, and charged with receiving and concealing stolen property, released on bond, and charged with selling controlled substances on June 6, 1986, and July 16, 1986. According to his motion, he entered pleas of guilty to the first charged offense on September 4, 1986, and to attempts to commit the second offenses on June 19, 1987. According to the defendant, although he was required to serve consecutive sentences for these offenses, the judgments were silent as to whether they were to be served consecutively or concurrently, thus violating his rights.

In this matter, the trial court ruled, without conducting a hearing, that the defendant's motion to correct an illegal sentence was without merit. Among the court's findings were that there was "no indication on the judgments sheets provided that show the defendant was on bond when the offenses contained in [Case Nos.] 86-06425 and 26 were committed." The court concluded that the defendant was not entitled to relief because his sentences had long since expired and Rule 36.1 was not "intended to resurrect old dead cases and breath[e] new life into them." We agree that this motion was without merit, but for a different reason.

There is disagreement among judges of this court as to whether the trial court was correct in concluding that Rule 36.1 relief was not available to the defendant because the assailed sentences had expired. See State v. Anthony Todd Ghormley, No. E2014-00736-CCA-R3-CD, 2015 WL 5560008, at *2-3 (Tenn. Crim. App. Sept. 21, 2015). Regardless, fatal to the defendant's claim is the presumption that his sentences were served as required by law, as explained in State v. James E. Kenner, No. M2014-00613-CCA-R3-CD, 2015 WL 3533265 (Tenn. Crim. App. June 5, 2015):

> [W]e note that the judgments of conviction are silent as to whether the instant sentences are to be served consecutively to the Montgomery County sentences. Rule 32(c)(3) expressly provides that "the sentence shall be consecutive whether the judgment explicitly so orders or not." Accordingly, we conclude that the judgments are not illegal or in need of correction. See Kevin Daws v. State, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at *2 (Tenn. Crim. App. at Jackson, Jan. 8, 2015).

Id. at *3.

Thus, like the court in James E. Kenner, we assume the defendant served his sentences consecutively. Accordingly, we agree with the trial court that the defendant's motion was without merit.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is

affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

 

_____

ALAN E. GLENN, JUDGE